# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

RYAN JACKSON, an individual,

    Plaintiff,

v.

THE X-PERT COMPANIES, INC., a Colorado corporation; and
NICHOLAS A. KACHEL, an individual,

    Defendants.
_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff Ryan Jackson ("Mr. Jackson"), through counsel, Lewis Kuhn Swan PC, complains as follows:

### JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Mr. Jackson alleges a claim under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq*.

2. This Court has supplemental jurisdiction over Mr. Jackson's state law claim pursuant to 28 U.S.C. § 1367 because the state claim is so related to the federal claim that they form part of the same case or controversy.

3. Defendant The X-pert Companies, Inc. ("X-pert") is subject to personal jurisdiction in Colorado because it is organized under the laws of the State of Colorado, conducts substantial business in this State, and the acts and omissions alleged herein occurred in this State.

4. Defendant Nicholas A. Kachel ("Mr. Kachel") is subject to personal jurisdiction in Colorado because, among other things, he is domiciled and implemented the relevant pay practices in Colorado.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

6. Mr. Jackson is an individual domiciled in Colorado. Mr. Jackson is a concrete placement specialist and crane operator.

7. X-pert is a Colorado corporation maintaining its principal place of business in Colorado Springs, Colorado. X-pert is a poured concrete foundation and structure contractor.

8. Mr. Kachel is an individual who, upon information and belief, is the sole shareholder and manager of X-pert and who is domiciled in Colorado.

9. Mr. Kachel is, and at all points relevant to this Complaint has been, responsible for X-pert's pay practices and exercises substantial control over its finances and operations. Among other things, he established employees' rates of pay (including that of Mr. Jackson), determined staffing needs, set the work schedule, assigned job responsibilities, and managed X-pert's financial affairs. As such, he is individually liable for X-pert's illegal pay practices as alleged herein pursuant to the FLSA and Colorado state law.

10. X-pert and Mr. Kachel are collectively referred to as "Defendants."

## GENERAL ALLEGATIONS

11. Mr. Jackson was hired by Defendants as a concrete placement specialist and crane operator on or around May 13, 2019 and separated from his employment in late June 2020.

12. Mr. Jackson's job duties as a concrete placement specialist and crane operator included pumping concrete at job sites, operating cranes, and loading and unloading concrete baskets and forms for transport. Mr. Jackson typically worked from construction sites where X-pert was contracted.

13. During his employment, Mr. Jackson did not, nor did he have authority to, exercise discretion over matters of business significance, nor did he have authority to exercise independent judgment with respect to such matters. His primary job duties did not involve the performance of office or non-manual work directly related to X-pert's management or general business operations.

14. Although Mr. Jackson had limited collaborative authority to hire and fire certain employees, he could not set rates of employee pay or schedules. Mr. Jackson did not customarily and regularly direct the work of at least two full-time employees, nor was his primary duty the management of the enterprise.

15. Mr. Kachel instructed Mr. Jackson to tell employees to ask Mr. Kachel any questions concerning job duties. Mr. Jackson was not authorized to answer most operational questions. On the occasions that Mr. Jackson approached Defendants with safety concerns and a request for remedial measures, Mr. Kachel told Mr. Jackson to keep his concerns to himself and follow instructions.

16. Defendants purported to pay Mr. Jackson on a salary basis. However, on the occasions that Mr. Jackson requested time off from work, Defendants docked Mr. Jackson's pay. Accordingly, Defendants did not pay Mr. Jackson on a salary basis.

17. Mr. Jackson routinely worked fifty-five (55) hours per workweek and sometimes more, including days of more than twelve (12) hours. Mr. Jackson commonly worked these extended hours at the direction of Mr. Kachel in furtherance of X-pert's interests.

18. Defendants failed to pay Mr. Jackson overtime compensation for all hours worked over forty (40) in any workweek.

19. Defendants had in place inadequate timekeeping methods for tracking and recording the time Mr. Jackson spent working.

20. Throughout all relevant time periods, Defendants failed to maintain accurate and sufficient time records and endeavored to maintain opacity in X-pert's pay practices.

21. Defendants' violations of the FLSA and the Colorado Overtime and Minimum Pay Standards Order, 7 CCR § 1103-1, were not in good faith. As a sophisticated and experienced business owner in a regulated environment, Mr. Kachel was aware of X-pert's legal obligation to pay overtime compensation and actively sought to avoid doing so.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT
## (29 U.S.C. §§ 206(a)(1), 207(a)(1))
### *Against Both Defendants*

22. All preceding paragraphs are incorporated.

23. At all relevant times, X-Pert has been an employer engaged in interstate commerce within the meaning of the FLSA.

24. At all relevant times, on information and belief, X-pert has had gross annual revenues exceeding $500,000.

25. At all relevant times, Mr. Kachel has been an employer engaged in interstate commerce within the meaning of the FLSA.

26. At all relevant times, Defendants employed Mr. Jackson within the meaning of the FLSA.

27. When employed by Defendants, Mr. Jackson virtually always worked over forty (40) hours per workweek and was thus entitled to overtime compensation at a rate of not less than one-and-one-half times his regular rate of pay.

28. Because Defendants did not pay Mr. Jackson all overtime compensation to which he was entitled, Defendants violated the FLSA.

29. Defendants have failed to make, keep, and preserve records with respect to Mr. Jackson sufficient to determine Mr. Jackson's wages, hours, and other conditions and practices of employment in violation of the FLSA.

30. Defendants' violations of the FLSA were willful within the meaning of 29 U.S.C. § 255(a) because, among other things, Defendants were well aware of their legal obligations to pay overtime compensation.

31. Due to Defendants' FLSA violations, Mr. Jackson is entitled to recover from Defendants unpaid overtime compensation, actual and liquidated damages, X-pert's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**COLORADO OVERTIME AND MINIMUM PAY STANDARDS ORDER**
**(7 CCR § 1103-1)**
*Against Both Defendants*

32. All preceding paragraphs are incorporated.

33. At all relevant times, Mr. Jackson was employed by Defendants within the meaning of the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order").

34. X-pert is covered under the COMPS Order as it is a service entity.

35. Acting through Mr. Kachel, X-pert violated the COMPS Order by failing to pay Mr. Jackson for all overtime hours at the required rate as prescribed by the COMPS Order.

36. Mr. Jackson is entitled to recover from Defendants proper compensation for all hours worked (including overtime compensation at the appropriate premium for hours worked over forty (40) in a workweek or twelve (12) in a work day), any statutory penalties, X-pert's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to the COMPS Order.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Jackson prays for the following relief:

a) Judgment in his favor on his claims for relief;

b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and COMPS Order;

c) An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order;

d) An award of overtime compensation due under the FLSA and COMPS Order;

e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to properly compensate Mr. Jackson pursuant to 29 U.S.C. § 216;

f) An award of damages representing X-pert's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g) An award of costs and expenses of this action together with reasonable attorneys' and expert witness fees;

h) An award of pre-judgment and post-judgment interest; and

i) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Jackson hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 16th day of October, 2020

>    /s/ Andrew E. Swan
>    Paul F. Lewis
>    Michael D. Kuhn
>    Andrew E. Swan
>    LEWIS | KUHN | SWAN PC
>    620 North Tejon Street, Suite 101
>    Colorado Springs, CO 80903
>    Telephone: (719) 694-3000
>    Facsimile: (866) 515-8628
>    plewis@lks.law
>    mkuhn@lks.law
>    aswan@lks.law
>
>    *Attorneys for Plaintiff*

Plaintiff's address
4653 Gatewood Drive
Colorado Springs, CO 80916